UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GLORIA REYNOSO :
:
v. : C.A. No. 06-263ML
:
U.S. GOVERNMENTS :

**MEMORANDUM AND ORDER PURSUANT TO 28 U.S.C. § 1915(e)**

**Background**

Before this Court for Determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On May 26, 2006, Plaintiff Gloria Reynoso filed a *pro se* Complaint against the U.S. Governments. Her Complaint consists of four confusing, hand-written pages which reference several government agencies, federal laws, physical injuries and disabilities, and vague assertion of "Government's Errors." Although the Clerk has docketed Plaintiff's action as an employment discrimination, the Complaint does not specify the particular employer sued and the nature of the claim, i.e., unlawful termination, unlawful refusal to hire, unlawful refusal to accommodate a disability, workplace injury, etc. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $350.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint *sua sponte* (on the Court's own motion) under 28 U.S.C. § 1915(e)(2)(B) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons

discussed below, rather than recommend dismissal of Plaintiff's Complaint at this time, Plaintiff is granted leave to file an Amended Complaint so that this Court may be better able to understand and then review her claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Facts**

Plaintiff's four-page Complaint is hand-written and, unfortunately, very confusing and poorly organized. There are, however, several pages of attachments to Plaintiff's Complaint which help to shed some light on her allegations. Plaintiff apparently was formerly employed by the U.S. Postal Service. According to her IFP Application, Plaintiff is not currently employed, has not been employed for at least the past twelve months and collects Social Security Disability Benefits. Plaintiff alleges that she is a U.S. Citizen and attaches a 1988 Certificate of Naturalization to her Complaint. She also attaches a letter from the Postal Service dated December 16, 2004 which indicates that Plaintiff was employed at the Providence Post Office from October 3, 1992 until she was "removed from the Postal Service effective September 11, 1993." Neither the 2004 letter nor Plaintiff's Complaint clearly indicates the basis for Plaintiff's removal. Plaintiff further alleges a "slip/fall" and that she has been "hurt with pelvis and spinal and others since, 1992 to 2006." Finally, Plaintiff makes a conclusory allegation of "obscenity broadcasting."

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). <u>See</u> <u>Fridman v. City of N.Y.</u>, 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not

grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See, e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

In reviewing Plaintiff's Complaint, this Court has taken all of her allegations contained therein as true and has drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, there are some deficiencies apparent from the face of Plaintiff's Complaint which require consideration before this case may proceed further. These deficiencies are discussed in more detail below.

Although Plaintiff's *pro se* Complaint is held to a less stringent standard than one drafted by a lawyer, her *pro se* status does not excuse her from complying with the Court's procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000). As noted above, Plaintiff's hand-written Complaint is very confusing and vague as to many

details. The Complaint's caption does not identify any specific defendants. The case caption on Plaintiff's IFP application identifies only the "U.S. Govt's" as a defendant. The Complaint does not identify the legal basis for this Court's jurisdiction and fails to identify the particular relief sought from this Court. Finally, a review of Plaintiff's attachments to her Complaint suggests that the "Government's errors" which are the subject of her Complaint may date back to 1992. Thus, they may be time-barred by the applicable statute of limitations.

Under Rule 8(a), Fed. R. Civ. P., a complaint must contain three essential elements: (1) a short and plain statement of the legal basis for federal court jurisdiction; (2) a short and plain statement of the Plaintiff's claim(s); and (3) a demand for judgment, i.e., the damages or other relief sought by plaintiff. One of the primary purposes of Rule 8(a) is to give the defendant(s) and the Court fair notice of the claim being made by Plaintiff. Here, Plaintiff's Complaint clearly fails to comply with Rule 8(a). In addition, Rule 10(a), Fed. R. Civ. P., requires that a complaint include a caption naming all of the parties (including all of the defendants) and that plaintiff's factual allegations be organized in separately numbered paragraphs. Finally, Rule 10(b), Fed. R. Civ. P., requires that each separate legal claim against a defendant(s) be set forth in a separately numbered "count" or section within the complaint. Plaintiff's Complaint clearly fails to comply with Rules 10(a) and (b). See Simpson v. Kingston, No. 04-C-298-C, 2004 WL 1246058 (W.D. Wisc. June 2, 2004) (complaint caption which did "not list any defendants" fails to comply with Rule 10(a)).

**Conclusion**

Giving due deference to Plaintiff's *pro se* status, at this time, this Court will not recommend that the District Court dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B). Rather, this Court GRANTS Plaintiff Leave to file an Amended Complaint within thirty (30) days from the date

of this Order which complies with the Federal Rules of Civil Procedure. In particular, the Amended Complaint should:

(1) start with a case caption which lists or identifies all of the defendant(s), that is, the particular party(ies) and/or agency(ies) being sued by Plaintiff in this case, see Fed. R. Civ. P. 10(a);

(2) be titled "Amended Complaint" at the top of the document;

(3) set forth Plaintiff's factual allegations and legal claim(s) in numbered paragraphs and counts (or sections), see Fed. R. Civ. P. 10(b);

(4) contain a short and plain statement of the legal grounds upon which the federal court's jurisdiction depends, see Fed. R. Civ. P. 8(a)(1);

(5) contain a short and plain statement of the legal claim showing that Plaintiff is entitled to relief, see Fed. R. Civ. P. 8(a)(2); and

(6) contain a demand for judgment specifying the relief which Plaintiff seeks from each named defendant, see Fed. R. Civ. P. 8(a)(3).

This Court will take further action as appropriate under 28 U.S.C. § 1915(e)(2)(B) after reviewing Plaintiff's Amended Complaint. If Plaintiff fails to file an Amended Complaint pursuant to this Order, this Court will recommend that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE for the reasons discussed above pursuant to 28 U.S.C. § 1915(e)(2)(B).

LINCOLN D. ALMOND
United States Magistrate Judge
June 5, 2006