UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GLORIA REYNOSO :
:
v. : C.A. No. 06-263ML
:
U.S. GOVERNMENTS :

**REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Before this Court is Plaintiff Gloria Reynoso's *pro se* Amended Complaint against the United States of America. (Document No. 4). On June 5, 2006, this Court issued a Memorandum and Order pursuant to 28 U.S.C. § 1915(e), which granted Plaintiff IFP status and conducted a *sua sponte* review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (Document No. 3). In that Order, the Court allowed Plaintiff to amend her Complaint in compliance with Federal Rules of Civil Procedure 8 and 10, or risk dismissal of the Complaint. Specifically, the Court stated that the Amended Complaint must "set forth Plaintiff's factual allegations and legal claim(s) in numbered paragraphs or counts...contain a short and plain statement of the legal grounds upon which the federal court's jurisdiction depends...contain a short and plain statement of the legal claim showing that Plaintiff is entitled to relief...and....contain a demand for judgment specifying the relief which Plaintiff seeks from each named defendant."

Plaintiff filed her Amended Complaint on July 5, 2006. For the reasons discussed below, this Court recommends that Plaintiff's Complaint (Document No. 4) be DISMISSED WITHOUT PREJUDICE because it fails to comply with Federal Rules of Civil Procedure 8 and 10 and because

it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Background**

Plaintiff's Amended Complaint indicates that she has two employment-related claims: one against the United States Post Office and one against RI AFDC-Rite Care.[1] While the precise nature of the claims asserted by Plaintiff are not clearly set forth, Plaintiff alleges she suffered some personal injury while employed by the Postal Service. Further, Plaintiff, a naturalized United States citizen originally from the Dominican Republic, claims to have suffered discrimination as a result of her national origin. Although Plaintiff broadly asserts discrimination and personal injuries, the facts and legal theories upon which she bases her claims are not clear, therefore, the Amended Complaint does not comply with this Court's June 5, 2006 Order or Federal Rules of Civil Procedure 8 and 10. The Court notes from the attachments to Plaintiff's Complaint that she has apparently sought relief for her claimed injuries in numerous venues, including the United States Commission on Civil Rights, the State of New York, the Postal Service Office of Inspector General, the Rhode Island Commission for Human Rights and the F.B.I.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman

[1] Both Rite Care and the Aid to Families with Dependent Children (AFDC) Program (now known as the Family Independence Program) are state programs administered by the Rhode Island Department of Human Services. Since Plaintiff has only named the federal government as a defendant in this case, she states no cause of action against these state-administered programs. See LR Cv 5(a)(1) (case caption of complaint must include names of all parties to action).

v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). A claim "is frivolous where it lacks arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Furthermore, the First Circuit Court of Appeals has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative defenses appearing on the face of a complaint. See, e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

In reviewing Plaintiff's Amended Complaint, this Court has taken all of her allegations contained therein as true and has drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Amended Complaint, there are some deficiencies apparent from the face of Plaintiff's Amended Complaint which require the Court to recommend its dismissal at this time.

Although Plaintiff's *pro se* Amended Complaint is held to a less stringent standard than one drafted by a lawyer, her *pro se* status does not excuse her from complying with the Court's

procedural rules. See Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 n.4 (1st Cir. 2000). As noted above, Plaintiff's Amended Complaint is confusing and vague as to many details. The Amended Complaint's caption indicates that the "United States of America U.S. Government" is the Defendant. The Amended Complaint does not identify the legal basis for this Court's jurisdiction and states that the relief sought is "my pension if you think I am eligible for it." Finally, a review of Plaintiff's attachments to her Complaint suggests that the claims which are the subject of her Complaint may date back to 1993. Thus, even if Plaintiff's claims were comprehensible, the statute of limitations likely bars litigation of these matters. See Street, 936 F.2d at 39-40.

**Conclusion**

For the reasons discussed, and pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), this Court recommends that Plaintiff's Amended Complaint (Document No. 4) be DISMISSED WITHOUT PREJUDICE to Plaintiff's right to file a new complaint in this or another appropriate state or federal court which satisfies the requirements of 28 U.S.C. § 1915(e)(2). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
August 2, 2006